SHANNON, Judge
(dissenting).
I find that I cannot concur in the majority opinion.
The trial court denied petitioner’s motion to vacate judgment and sentence under Criminal Procedure Rule No. 1 without a hearing and petitioner has appealed. His motion alleges the following:
“I. That on November 30, 1961, after trial by jury, petitioner was sentenced to five years in the State Prison System, Petitioner had hired counsel to be at his side during his day in court, but his counsel was unable to appear. Counsel sent a messenger to court,, who, under oath, swore that counsel was totally unable to appear in court. The Court then and there denied continuance in this case, and proceeded to trial by jury. Petitioner is an uneducated layman with no legal experience or training; his background is not such as to enable him to cross examine witnesses or present proper arguments in his behalf. The nature of the case and the circumstances, and the severity of its nature, demanded that petitioner be ably represented by counsel; the case being one of Breaking and Entering with Intent to Commit a Misdemeanor, to which petitioner entered a plea of not guilty. * * * ”
It appears from the record that the appellant did not have the assistance of counsel when he was arraigned, tried, convicted, or sentenced. The court minutes of October 10, 1961, the day of the defendant’s arraignment, show the following:
“The above-named defendant, appearing before the bar in open court and after being advised by the Court that he was entitled to counsel, trial by a jury and that a plea of guilty would be an admission of the truth of the facts alleged in the Information, was asked by the Court if he was represented by counsel, to which he replied that he was represented * * *. The above-named defendant, Leslie Stanley Swinney, upon being arraigned in open court on the above Information, entered a plea of not guilty to the charges contained therein and the case was set for trial at 9:30 a. m. on October 12.”
The court minutes of October 11, 1961, the date of a motion hearing, continue:
“The State’s Motion for Continuance of the above-styled cause was filed. The defendant, Leslie Stanley Swinney, stipulated as to matters set forth in the Motion for Continuance in relation to lock found in his possession, said stipulation being an instrument of record; thereupon said Motion was denied. The defendant stated that he wanted to go to trial even without counsel.”
The facts of this case are not at all clear; however, the trial judge’s order indicates that the appellant was arraigned on October 10, that a prosecution motion was heard on October 11, and that the trial was on October 12. The defendant was convicted and sentenced for a period of from six months to five years. It appears that the defendant had an attorney, but the attorney was not present at any of the proceedings.
I do not think that the bare statement in the court minutes that the defendant stated that he wanted to go to trial even without counsel is a sound basis for a denial of his Rule No. 1 motion without a hearing. The record shows that the day before he made this statement the defendant said that he had an attorney. This, together with the scanty record and the confused state of *453 facts, is enough to warrant a hearing to ascertain what the facts really are.
I would reverse the lower court on its denial of relief and remand the case for the purpose of determining the facts as outlined herein.